UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO B. SHERMAN,

    Plaintiff,

v.

                                                              Case No. 12-cv-14461
                                                              Paul D. Borman
                                                              United States District Judge

CITY OF DETROIT, et al.,

    Defendants.

_____/

## OPINION AND ORDER
## (1) ALLOWING PLAINTIFF TO PROCEED IN FORMA PAUPERIS,
## (2) GRANTING DEFENDANT SECRETARY OF STATE RUTH JOHNSON'S MOTION TO DISMISS (Dkt. No. 5), and
## (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (Dkt. No. 3)

On October 26, 2012, this Court denied *pro se* Plaintiff Ricardo B. Sherman's application for *in forma pauperis* status based on inconsistencies in the Complaint and in Plaintiff's application. (Dkt. No. 4.) Plaintiff stated in his Application to Proceed Without Prepayment of Fees that he did not receive income from any source, but attached to his Complaint a letter from the Social Security Administration reflecting that he received $660 per month in Social Security income. Plaintiff also stated on his application that he did not own any interest in any vehicles or other assets, but alleged in his Complaint that he had recently purchased a vehicle for $2,500.

On November 7, 2012, the Court issued an Order for Plaintiff to Show Cause why this case should not be dismissed for failure to pay the filing fee. (Dkt. No. 12.) On November 8, 2012,

1

Plaintiff filed a Response to the Court's Order to Show Cause. (Dkt. No. 14.) In his Response, Plaintiff states that his answer on the Application to Proceed Without Prepayment of Fees stating that he did not have any interest in a vehicle was made in error. Plaintiff also admits that he receives monthly income from the Social Security Administration, but argues that even with this income, he still qualifies for *in forma pauperis* status.

The 2012 Poverty Guidelines issued by the United States Department of Health and Human Services indicates that an individual is in poverty if his or her annual income is $11,170 or less. Annual Update of the HHS Poverty Guidelines, 77 Fed. Reg. 4034-02, 4035 (Jan. 26, 2012). Plaintiff's monthly Social Security income is approximately $660, or $7,920 per year, which is $3,250 less than the poverty guideline. The Court will therefore allow Plaintiff to proceed *in forma pauperis*.

## I. DEFENDANT SECRETARY OF STATE RUTH JOHNSON'S MOTION TO DISMISS

The Complaint alleges that Plaintiff's car, a 1994 Eagle Vision, was stolen on April 30, 2012, while it was parked near the intersection of Stanley Street and Linwood Street in the City of Detroit. (Compl. ¶ 14.) Less than 24 hours later, on May 1, 2012, the Detroit Police Department recovered Plaintiff's vehicle from the front lawn of property located at 14806 Sussex in Detroit, Michigan. (Compl. ¶ 21.) The vehicle was tagged as evidence and towed to an impound lot by Gene's Towing. (Compl. ¶ 22.)

Five months later, on October 3, 2012, Plaintiff had not recovered his vehicle from the impound lot, and he received a Notice of Abandoned Vehicle from the Michigan Department of State. (Compl. ¶ 26.) The Notice included a Petition for Hearing, which would allow Plaintiff "to contest that this vehicle was properly deemed abandoned, removed, or the reasonableness of the

towing and daily storage fees . . . ." (Compl. ¶ 28, Ex. I, Petition.) Plaintiff does not allege that he requested a hearing to challenge whether his vehicle was properly deemed abandoned.

The Complaint alleges three counts: conversion (Count I), violation of the Americans with Disabilities Act of 1990 ("ADA") (Count II), and negligence (Count III). Plaintiff named as Defendants the City of Detroit, the Detroit Police Department Abandoned Vehicle Task Force, Gene's Towing, and Michigan Secretary of State Ruth Johnson. Regarding Defendant Secretary of State Ruth Johnson, Plaintiff alleges that she is liable under Counts II and III, for violating the ADA and for negligence, and seeks $40,000 in damages. (Compl. at 15, "WHEREFORE" paragraph.) Plaintiff alleges that Defendant Ruth Johnson failed to send Plaintiff a notice pursuant to Mich. Comp. Laws § 257.252a(5)(c),[1] within seven days after notification that Plaintiff's vehicle was taken into custody as an abandoned vehicle. The Notice that Plaintiff alleges he received on October 3, 2012, fulfills the statutory requirements under § 257.252a(5)(c). However, Plaintiff avers that the notice was not sent within seven days after the Secretary of State was notified Plaintiff's vehicle was abandoned. (Compl. ¶¶ 44, 84.)

On October 31, 2012, Defendant Ruth Johnson filed a Motion to Dismiss. (Dkt. No. 5.) Plaintiff filed a Response on November 7, 2012. (Dkt. No. 13.) Defendant filed a Reply on November 21, 2012. (Dkt. No. 17.) Defendant Ruth Johnson's motion has been fully briefed, and

---

[1]Mich. Comp. Laws § 257.252a(5)(c) provides:

> Within 7 days after receiving notice under subdivision (b) that the vehicle has been taken into custody, the secretary of state shall do both of the following:
>
> (*i*) Send to the last titled owner and secured party, as shown by the records of the secretary of state . . ., by first-class mail or personal service, notice that the vehicle is considered abandoned. . . .

3

the Court will decide the motion without oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

In her Motion, Defendant Ruth Johnson argues that Plaintiff's claims against her are barred by the Eleventh Amendment, that she is immune from Plaintiff's state-law claims, and that Plaintiff has failed to allege sufficient facts to state a claim for relief. In his Response, Plaintiff argues that he has alleged sufficient facts to support a claim against Defendant Ruth Johnson, and that the Supremacy Clause bars Defendant's state-law immunity defense.

Defendant Ruth Johnson attached to her Motion a Law Enforcement Information Network ("LEIN") printout reflecting that Plaintiff's vehicle was reported as abandoned on September 29, 2012. (Def. Johnson's Mot., Ex. A, LEIN Printout.) Although it was not attached to the Complaint, the Court will consider the LEIN printout because the Complaint refers to the notice provided to the Secretary of State by the Detroit Police Department, and because the timing of the notice is central to Plaintiff's claims against Defendant Secretary of State Ruth Johnson. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (noting that, in reviewing a Rule 12(b)(6) motion, a court may consider "exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."). Defendant Johnson asserts that the Secretary of State did not receive notice that Plaintiff's vehicle was abandoned until the September 29, 2012 LEIN entry. Because Plaintiff admits that the Notice of Abandoned Vehicle was sent on October 3, 2012, Defendant Johnson contends that the Secretary of State acted within the seven-day time period set forth under § 257.252a(5)(c).

A. Analysis

Federal Rule of Civil Procedure 12(b)(6) tests the Complaint for "facial plausibility,"

4

meaning "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*1. Count II - Americans with Disability Act Claim*

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under this section, Plaintiff must allege that "(1) [he] has a disability; (2) [he] is otherwise qualified; and (3) [he] is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of [his] disability." *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005) (citation omitted). "Further, the plaintiff must show that the discrimination was *intentionally* directed toward him or her in particular." *Tucker v. Tennessee*, 539 F.3d 526, 532 (6th Cir. 2008) (emphasis in original).

Plaintiff alleges that Defendants denied him access to his vehicle and medications so that they could charge him towing and storage fees, and that Defendant Secretary of State Ruth Johnson participated by waiting five months before sending Plaintiff a notice of abandoned vehicle. However, Plaintiff has not alleged that he was excluded from participating in any government service or program because of his disability. Furthermore, Plaintiff has not alleged any facts showing how Defendant Ruth Johnson personally participated in any discriminatory actions, or that Defendant Ruth Johnson had any knowledge of Plaintiff's medical conditions. Although Plaintiff alleges that a handicap placard and his medication were in full view of Defendants Detroit Police Department and Gene's Towing, he alleges no facts inferring that Defendant Ruth Johnson was aware of these items, or otherwise had any knowledge of Plaintiff's disability.

Accordingly, Plaintiff has failed to state a claim against Defendant Secretary of State Ruth Johnson under Title II of the ADA. Plaintiff's ADA claim will therefore be dismissed.[2]

*2. Count III - Negligence*

Plaintiff alleges that Defendant Secretary of State Ruth Johnson "neglected to notify the Plaintiff within 7 days after receiving notice that the vehicle had been taken into custody." (Compl. ¶ 84.) As noted *supra*, the LEIN printout reflects that Defendant Secretary of State did not receive notice that Plaintiff's vehicle was considered abandoned until September 29, 2012. The October 3, 2012 Notice of Abandoned Vehicle was therefore within the seven-day period set forth under § 257.252a(5)(c). Furthermore, the Complaint fails to allege facts showing that Defendant Ruth Johnson participated in any way in the sending of the Notice of Abandoned Vehicle. Plaintiff's negligence claim against Defendant Ruth Johnson is thus void of sufficient facts from which the Court can infer that Defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, and will therefore be dismissed.

Furthermore, Michigan law grants immunity from all tort liability to "the elective or highest appointive executive official of all levels of government" when they act "within the scope of his or her ... executive authority." Mich. Comp. Laws § 691.1407(5). Even if the Complaint alleged facts showing that Defendant Ruth Johnson is personally involved in the sending of notices under § 257.252a(5)(c), and that she failed to order that a timely notice be sent to Plaintiff, this order would be within Defendant's executive authority as the highest elected official of Michigan's Department

---

[2]Because Plaintiff has failed to state a viable ADA claim, the Court will not analyze whether Plaintiff's insufficient ADA claim also violates the Fourteenth Amendment, and thus abrogates the sovereign immunity defense. *See United States v. Georgia*, 546 U.S. 151, 159 (2006) (discussing the three-part analysis in determining whether an ADA claim is barred by the Eleventh Amendment); *see also Mingus v. Butler*, 591 F.3d 474, 482-83 (6th Cir. 2010) (same).

of State. *See* Mich. 1963 Const., art. V, § 3 (providing "[t]he single executives heading principal departments shall include a secretary of state, a state treasurer and an attorney general."). Accordingly, even if the Complaint alleged sufficient facts to state a negligence claim against Defendant Secretary of State Ruth Johnson, Defendant would be immune from any tort liability pursuant to Mich. Comp. Laws § 691.1407(5).

In sum, the Complaint fails to allege sufficient facts to state claims for a violation of the ADA or negligence against Defendant Secretary of State Ruth Johnson. In addition, Defendant is immune from any state-law tort liability for actions undertaken within the scope of her executive authority. Accordingly, the Court will GRANT Defendant Secretary of State Ruth Johnson's Motion to Dismiss.

## II. PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

On October 9, 2012, Plaintiff filed, in conjunction with his Complaint, a Motion for Injunctive Relief. (Dkt. No. 3.) Defendant City of Detroit filed a Response to Plaintiff's Motion on November 2, 2012. (Dkt. No. 7.) Defendant Secretary of State Ruth Johnson also filed a Response on November 21, 2012. (Dkt. No. 18.) Plaintiff filed a Reply on November 26, 2012. (Dkt. No. 19.)

Plaintiff's Motion seeks to enjoin Defendants from selling or distributing the 1994 Eagle Vision. (Pl.'s Mtn., Ex. 1, Pl's Proposed Order Granting Inj. Relief.) In his Reply, Plaintiff states that he "claimed his vehicle on November 2, 2012, . . . therefore, the matter of Injunctive Relief can not have any practical effect on the existing controversy." (Pl.'s Reply at 2.) Because Plaintiff's vehicle has been returned and is no longer in Defendants' possession, there is no reason to enjoin Defendants from selling or distributing Plaintiff's vehicle. Plaintiff's Motion for Injunctive Relief

will therefore be DENIED AS MOOT.

## III. CONCLUSION

For the reasons stated above, the Court will:

(1) Allow Plaintiff to Proceed *In Forma Pauperis*;

(2) GRANT Defendant Secretary of State Ruth Johnson's Motion to Dismiss; and

(3) DENY AS MOOT Plaintiff's Motion for Injunctive Relief.

**SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT COURT JUDGE

Dated: 1-9-13
Detroit, Michigan